UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEVEN SEAS PETROLEUM, INC., | § § § | |
| Plaintiff, | § § | CASE NO. 4:08-cv-03048 |
| v. | § § § | JUDGE NANCY F. ATLAS |
| CIBC WORLD MARKETS CORP., | § § § | |
| Defendant. | § | |

## CIBC WORLD MARKETS CORP.'S MOTION FOR STAY OF CASE AFTER COMPLETION OF FACT DISCOVERY

In accordance with the Court's April 20, 2011 Order [DE 94], Defendant CIBC World Markets Corp. ("CIBC") respectfully moves this Court to stay the case after completion of fact discovery to allow the Fifth Circuit time to consider the Petition for an immediate appeal in the *MPF Holdings* case.

### A. BACKGROUND

As detailed in its letter to the Court of April 15, 2011 [DE 93], CIBC argued in connection with its motion to dismiss that Plaintiff lacked standing because the debtor did not preserve its right to sue CIBC under *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008). The Trustee's Second Amended Disclosure Statement stated only that he was "currently investigating" and "*may* bring certain causes of action against CIBC, its affiliated entities, *and/or* subsidiary corporations." *See* Ex. 3 to DE 26, § VII.D.4 at 41 (emphasis added). In its August 25, 2009 Memorandum and Order, the Court concluded that "Plaintiff's Reorganization Plan and Disclosure Statement together satisfy the underlying purpose behind *United*

1

*Operating's* requirement" and therefore held that Plaintiff had standing to sue CIBC. *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 639 (S.D. Tex. 2009) [DE 37].

In *In Re MPF Holdings*, Judge Bohm conducted a detailed and comprehensive analysis of what is required to satisfy the "bright-line test" under *United Operating*, and concluded that "the Fifth Circuit requires that the parties to be sued after confirmation must be individually identified, and that failure to do so necessarily means that the bright-line test is not satisfied." 443 B.R. 736, 744 (Bankr. S.D. Tex. 2011), Judge Bohm further held that "even if the putative defendants are individually named in the plan, the provision preserving the right to sue these defendants must expressly state two other points. First, the reservation provision must set forth the legal basis for the suit—for example, § 547. Second, it must also state that following confirmation, these defendants **will be sued**—not that they **may be sued** or **could be sued** or **might be sued**." *Id.* at 744-45 (footnote omitted) (emphasis in original). The bankruptcy court explained that

> the phrase "specific and unequivocal" in the *United Operating* context means that . . . the language must be so Shermanesque that anyone who reads the proposed plan knows that if the plan is confirmed, the putative defendant will *unquestionably* be sued post-confirmation under a particular legal theory or statute.

*Id.* at 747 (footnote omitted) (emphasis added). Applying these principles, the court held that Plan language reserving "any" cause of action that "may exist" or that the debtor "may hold" was inadequate to "unequivocally" reserve post-confirmation claims and thus that the plaintiff in *MPF Holdings* lacked standing. *Id.* at 755-56.

The Litigation Trustee in *MPF Holdings* requested certification for direct appeal to the Fifth Circuit. The bankruptcy court has certified its decision for appeal pursuant to

2

28 U.S.C. § 158(d)(2)(A)(ii) on the ground that its "interpretation of what the Fifth Circuit means by the phrase 'specific and unequivocal' conflicts with the interpretation of this phrase applied by other bankruptcy courts, including two bankruptcy judges who sit in the Northern District of Texas . . . ." *See* Amended Memorandum Opinion on Certification for Direct Appeal to the United States Court of Appeals for the Fifth Circuit, pp. 10-11 (attached hereto as Ex. 1). The bankruptcy court has also certified its decision for appeal pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) on the ground that an immediate appeal would materially advance the progress of the case. *See id.*

## B.   CIBC REQUESTS THAT THE COURT ENTER A STAY OF THIS CASE AFTER COMPLETION OF FACT DISCOVERY.

The power to issue a stay is inherent in this Court's authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When deciding whether to issue a stay, a court should "weigh competing interests and maintain an even balance." *Id.* at 257. "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramau Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted).

CIBC respectfully submits that if the Fifth Circuit in *MPF Holdings* affirms the bankruptcy court's interpretation of the "specific and unequivocal" standard, the Plaintiff's claims in *this* Action would be foreclosed as well. In this case there is certainly no "unequivocal" statement in either the Plan or the disclosure statement that CIBC **"will be sued."** 443 B.R. at 745 (emphasis in original). In addition, the Trustee's

3

reference in the Plan to "CIBC World Markets *and/or* any other CIBC entity named as a Defendant" (*see* Ex. 4 to DE 26, §§ 8.2.k and 8.2.l(C)) and in the Disclosure Statement to "CIBC, its affiliated entities, *and/or* subsidiary corporations" does not specifically and unequivocally identify *which* CIBC entity "may" be sued; and, in any event, under *MPF Holdings*, the statement that a particular defendant "**may be sued** or **could be sued** or **might be sued**" does not suffice. *MPF Holdings*, 443 B.R. at 745 (emphasis in original). Finally, neither the Plan nor the Disclosure Statement adequately articulated the legal theories upon which Plaintiff seeks recovery here.

Fact discovery is proceeding apace and CIBC suggests that the parties complete it. However, to avoid waste of judicial resources and to avoid what may be extremely expensive and entirely irrelevant expert discovery, CIBC requests a stay after completing fact discovery. The parties should not be required to continue to incur the significant expense and burden of expert discovery, trial preparation, motion practice (including *Daubert/Kumho* motions), and trial itself when there is a very real possibility that Plaintiff's claims against CIBC will be completely foreclosed by the Fifth Circuit in a matter of months on the issue that has been briefed here. Proceeding with this case through trial would obviously require a significant expenditure of the Court's time and resources as well. Any delay attendant to such a stay will be modest compared to that occasioned by Plaintiff's own delays to date in pursuing claims against CIBC. Indeed, the Trustee originally asserted claims against CIBC in 2003 in *Floyd v. Hefner*, Civil Action 03-5693 (S.D. Tex.), but voluntarily dismissed it from that action in September 2003, and then waited more than *five years* before bringing this action in October 2008.

4

Under these circumstances, a stay of this case for a period of months following completion of fact discovery while the Fifth Circuit considers the Petition for appeal in *MPF Holdings* would be consistent with judicial economy, and would be fair for all concerned. *See In re: Amaravathi Ltd. Partnership*, Civil Action No. H-09-1908, 2009 U.S. Dist. LEXIS 67458, at *3-4 (S.D. Tex. July 29, 2009) (Atlas, J.) (certifying bankruptcy court's decision for direct appeal to the Fifth Circuit and ordering case "stayed and administratively closed pending a decision by the Fifth Circuit whether to authorize the direct appeal").

## CONCLUSION AND PRAYER

CIBC World Markets Corp. respectfully requests that the Court: enter an Order staying this matter after the completion of fact discovery; and order the parties to appear for a status hearing in approximately six months to discuss how to proceed if the Fifth Circuit has not yet decided *MPF Holdings*.

Respectfully submitted,

/s/
Mark D. Manela
Texas Bar No. 12894500
Federal Bar No. 1821
MAYER BROWN LLP
700 Louisiana St., Suite 3400
Houston, TX 77002
Telephone: (713) 238-2645
Facsimile: (713) 238-4645
Email: *mmanela@mayerbrown.com*

ATTORNEY-IN-CHARGE FOR
DEFENDANTS CIBC WORLD
MARKETS CORP.

OF COUNSEL:

Gary W. Marsh (admitted *pro hac vice*)
Georgia Bar No. 471290
R. Matthew Martin (admitted *pro hac vice*)
Georgia Bar No. 473450
James A. Washburn (admitted *pro hac vice*)
Georgia Bar No. 738845
Jeffrey R. Baxter (admitted *pro hac vice*)
Georgia Bar No. 142356
MCKENNA, LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
Email: *gmarsh@mckennalong.com*
*rmmartin@mckennalong.com*
*jwashburn@mckennalong.com*
*jbaxter@mckennalong.com*

Jessica L. Crutcher
Texas Bar No. 24055367
Federal Bar No. 675607
MAYER BROWN LLP
700 Louisiana St., Suite 3400
Houston, TX 77002
Telephone: (713) 238-2736
Facsimile: (713) 238-4736
Email: *jcrutcher@mayerbrown.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/
Jessica L. Crutcher
MAYER BROWN LLP

6