# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SEVEN SEAS PETROLEUM, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3048 |
| | § | |
| CIBC WORLD MARKETS CORP., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Stay of Case After Completion of Fact Discovery ("Motion for Stay") [Doc. # 97] filed by Defendant CIBC World Markets Corp. ("CIBC"), to which Plaintiff Seven Seas Petroleum, Inc. ("Seven Seas") filed a Response [Doc. # 101], CIBC filed a Reply [Doc. # 102], and Seven Seas filed a Sur-Reply [Doc. # 103]. After considering the full record and governing legal authorities, the Court **denies** the Motion for Stay.

Seven Seas was an oil and gas exploration company. Seven Seas hired CIBC in 2001. Seven Seas alleges that CIBC was hired to serve as its exclusive financial advisor, to assist in raising additional funds for the company, and to render a fairness opinion in connection with any potential financing transaction.

A dispute arose between the parties and, on October 14, 2008, Ben Floyd, then Chapter 11 trustee for Seven Seas, filed the instant suit against CIBC. CIBC moved

to dismiss, arguing *inter alia* that Seven Seas lacked standing to pursue its claims against CIBC, citing *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008). The Court disagreed, holding that "the Reorganization Plan as elucidated by the Disclosure Statement specifically and unequivocally reserved the claims Plaintiff seeks to assert against CIBC." *See* Memorandum and Order [Doc. # 37], pp. 20-21.

On January 14, 2011, in an unrelated matter, United States Bankruptcy Judge Jeff Bohm held that the plaintiff in that adversary proceeding lacked standing to pursue his claims. *See In re MPF Holdings US LLC*, Bankruptcy Case No 08-36084 [Doc. # 556]. CIBC now seeks a stay of this lawsuit pending a decision by the Fifth Circuit on the appeal of Judge Bohm's decision in *In re MPF Holdings US LLC, et al.*, Fifth Circuit Case No. 11-20478.[1] Seven Seas opposes the stay, arguing that any ruling by the Fifth Circuit in the *MPF Holdings* appeal would not have an impact on the issues in this case.

The parties are completing fact discovery and will soon begin discovery of expert witnesses. CIBC argues that it should not be required to expend funds on expert discovery until the Fifth Circuit decides the *MPF Holdings* appeal. Because

---

[1]   The Fifth Circuit on June 27, 2011, granted the motion for leave to appeal the *MPF Holdings* decision directly to the Fifth Circuit pursuant to 28 U.S.C. § 158(d).

the requested stay is based on proceedings in an unrelated case, a stay should be granted only in rare circumstances. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Indeed, a "stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

In this case, the balancing of the parties' interest does not indicate a clear inequity to CIBC if the stay is not granted. The case was filed almost three years ago, and the Court has already ruled on CIBC's argument that Seven Seas lacks standing. There is no indication how long the appeal will be pending before that court. Indeed, the Fifth Circuit has not issued a briefing schedule or taken any action other than permitting the appeal to proceed directly before the Court of Appeals. Moreover, it is questionable whether the Fifth Circuit's ultimate decision on the *MPF Holdings* appeal will affect this Court's prior ruling that Seven Seas has standing to assert its claims.

CIBC seeks to frame the stay to include a reasonable limit on its duration by suggesting that the Court could conduct a status conference if the *MPF Holdings*

appeal is not decided in the next six months. It is likely that the appeal will not have been decided by that time, and the progress of this lawsuit will have been delayed for those six months with no benefit to the Court or to the parties.

CIBC has not demonstrated that this case presents a rare circumstance where a stay is appropriate. Accordingly, it is hereby

**ORDERED** that CIBC's Motion for Stay [Doc. # 97] is **DENIED**.

SIGNED at Houston, Texas, this 30th day of **June, 2011.**

_____
Nancy F. Atlas
United States District Judge