**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SEVEN SEAS PETROLEUM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-3048 |
| | § | |
| CIBC WORLD MARKETS CORP. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a commercial dispute between Plaintiff Seven Seas Petroleum, Inc. ("Seven Seas"), an oil and gas exploration company, and Defendant CIBC World Markets Corporation ("CIBC"), a firm retained by Seven Seas to provide financial advice and assistance. Seven Seas brings claims against CIBC for breach of fiduciary duty, aiding and abetting breach of fiduciary duty by certain directors of Seven Seas, conspiracy, gross negligence and fraud. Defendant CIBC has filed a "Motion to Enforce the Parties' Contractual Waiver of Trial by Jury and to Strike Plaintiff's Jury Demand" [Doc. # 108] ("Defendant's Motion"), to which Plaintiff has responded [Doc. # 111] and CIBC has replied [Doc. # 114]. In addition, Plaintiff Seven Seas has brought a "Motion to Empanel an Advisory Jury Panel Pursuant to Fed. R. Civ. P. 39(c)" [Doc. # 111] ("Plaintiff's Motion"), to which Defendant has responded [Doc.

# 115] and Plaintiff has replied [Doc. # 116]. Both motions are ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's Motion should be **granted** and Plaintiff's Motion should be **denied**.

## I. Defendant's Motion to Strike Plaintiff's Jury Demand

In its pleadings, Seven Seas demanded a jury trial.[1] CIBC moves to strike Plaintiff's demand, relying on the engagement agreement between Seven Seas and CIBC dated March 8, 2001 ("Agreement").[2] The Agreement contains the following language:

> Each of the Company [Seven Seas] and CIBC World Markets hereby waives any right it may have to a trial by jury in respect of any claim brought by or on behalf of either party based upon, arising out of or in connection with this letter agreement, the engagement of CIBC World Markets hereunder or the transactions contemplated hereby.[3]

CIBC emphasizes that the Agreement's wording is broad, waiving "any right" to a

---

1 *See* Plaintiff's Second Amended Complaint [Doc. # 41]; Plaintiff's Original Complaint [Doc. # 1].

2 Engagement Agreement (Exhibit A to Defendant's Motion [Doc. # 108]) ("Agreement"). The Agreement was signed by Larry A. Ray, President and COO of Seven Seas, and by Ronald D. Ormand, Managing Director of CIBC.

3 *Id*. at 5. The Agreement also provided that either party was entitled to terminate the Agreement by giving the other party 30 days prior written notice, but that "the provisions relating to the payment of fees, reimbursement of expenses, indemnification and contribution, confidentiality and ***waiver of the right to trial by jury*** will survive any such termination." *Id*. at 2 (emphasis added).

jury trial for "any claim" that arises out of or in connection with the Agreement. The parties' execution of the Agreement culminated more than six months of negotiations, during which Seven Seas was represented by Larry A. Ray, its President and Chief Operating Officer, and that numerous drafts were exchanged and were reviewed by Seven Seas' counsel at McAfee & Taft.[4] The drafts contained the jury waiver but Seven Seas made no objection, despite the fact that other provisions in the drafts were negotiated and modified.[5] Seven Seas does not contest CIBC's evidence on this point.[6]

**A. Voidness Argument**

However, Seven Seas argues that the Agreement is void *ab initio* under New York law,[7] and that the jury waiver is therefore unenforceable. In support of its argument, Seven Seas cites to the Second Circuit's opinion in *Sphere Drake Insurance Limited v. Clarendon National Insurance Company*, which sets forth the following rule regarding void contracts:

[I]f an agent that has been charged with negotiating a contract on behalf

---

4 Defendant's Motion, at 3-4; Exhibits B-K to Defendant's Motion (multiple drafts of Agreement exchanged between August 2000 and March 2001).

5 *See* Exhibits B-K to Defendant's Motion.

6 *See* Plaintiff's Motion [Doc. # 111].

7 The Agreement provides that it will be "governed by and construed in accordance with the laws of the State of New York." Agreement, at 5.

> of the principal acts outside the scope of its agency, *and the opposing party knows this*, then the agent lacks both actual and apparent authority, and the principal is not bound to the contract, for the contract is void—it never came into existence.[8]

A void contract is one that produces no legal obligation because, for example, there was no meeting of the minds about essential terms. By contrast, a voidable contract is one that is subject to rescission but otherwise creates legal obligations.[9]

Seven Seas alleges that the Agreement is void because the Seven Seas directors who entered into the Agreement were conspiring with CIBC and acted outside the scope of their authority. In particular, Seven Seas alleges that CIBC conspired with certain Seven Seas directors to make decisions that were not in Seven Seas' best interest, manipulated Seven Seas' financial data to create apparent business justification for secured financing, and issued a defective fairness opinion in order to facilitate the secured financing.[10] It further alleges that its Directors acted outside the scope of their authority by authorizing the secured financing, by allowing representation by counsel who had a conflict of interest, and by retaining CIBC to facilitate the transaction when CIBC actually was a "hired gun" that was retained "to

---

8 *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 32 (2d Cir. 2001) (emphasis original) (citing cases construing New York law).

9 *Adams v. Suozzi*, 433 F.3d 220, 227 (2d Cir. 2005) (citing, *inter alia*, *Sphere Drake*, 263 F.3d at 31).

10 Plaintiff's Motion, at 26.

say or do whatever the Directors wanted."[11] It argues that it is entitled to a jury trial on the issue of the Agreement's enforceability because the foregoing evidence that the Directors acted outside the scope of their authority is "overwhelming."[12]

Seven Seas has not alleged facts that would demonstrate a void contract under the rule set forth in *Sphere Drake*. Seven Seas does ***not*** allege that Larry Ray, who negotiated the Agreement on behalf of Seven Seas, acted outside the scope of his agency, nor does Seven Seas allege that CIBC was aware that Ray was acting outside the scope of his agency. In fact, Seven Seas does not allege in its briefing, or in its Second Amended Complaint, that Ray was one of the Directors who had a conflict of interest due to participation in the financing.[13] The burden is on Seven Seas to

---

11 *Id*. at 27. Seven Seas alleges that its counsel, McAfee & Taft, was operating under a conflict of interest. Gary Fuller, a lawyer at McAfee & Taft, was also a Director of Seven Seas and an investor in the secured financing. *Id*. at 26.

12 *Id*. at 28.

13 Indeed, CIBC states in its Reply that Ray is not alleged by Seven Seas to have had a conflict of interest, and that the four allegedly "interested directors" were Hefner, Egolf, Fuller, and Schlesinger. Defendant's Reply [Doc. # 114], at 16 n.14. Seven Seas has not contested this point, and has not filed a surreply despite its stated intention to do so. *See* Plaintiff's Reply [Doc. # 116] (filed Jan. 3, 2012) , at 1 n.1 ("Briefing on the Motion to Strike has not been completed. Rather, Seven Seas intends to file a Sur-Reply to address CIBC's new flawed factual allegations and legal arguments as soon as is practicable."); Letter from Plaintiff's Counsel to Court [Doc. # 118] (filed Jan. 17, 2012), at 5 ("A Sur-Reply is necessitated by the additional theories to strike Plaintiff's jury demand raised for the first time in CIBC's Reply . . . [including] . . . the purported impartiality of Larry Ray. . . . Plaintiff anticipates filing its Sur-Reply in the very near future"). On January 17, 2012, this Court ordered (continued...)

provide evidence showing that the Agreement is void,[14] and Seven Seas has not met this burden. Moreover, CIBC has presented evidence countering the suggestion that Ray acted outside the scope of his agency, in particular, evidence that the full board authorized Ray to negotiate the Agreement with CIBC,[15] and evidence that Ray's negotiations with CIBC were on the agenda at Seven Seas' regular staff meetings between October 2001 and March 2001.[16] The Court rejects Seven Seas' argument

---

13 (...continued)
Plaintiff to file any surreply on or before January 18, 2012. *See* Doc. # 119. Plaintiff did not file a surreply.

14 *See Sphere Drake*, 263 F.3d at 32 ("Accordingly, to defeat the arbitration clauses in the contracts at issue, Sphere Drake must allege that the contracts as a whole are void or that the arbitration clauses in the contracts are voidable. Of course, it is not enough for Sphere Drake to make allegations—Sphere Drake must also produce some evidence substantiating its claim."); *Colburn Family Fdtn v. Chabad's Children of Chernobyl*, 739 F. Supp. 2d 615, 618-19 (S.D.N.Y. 2010) ("A party seeking to void a contract bears the burden of proving that the contract is invalid") (citing *Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., Inc.*, 544 F.2d 105, 108 (2d Cir. 1976)).

15 Exhibit P to Defendant's Motion, at 3 (July 27, 2000, minutes of a meeting of Seven Seas' full board of directors reflects that Ray, along with board member Sir Mark Thomson, was "responsible for engaging CIBC World Markets as strategic financial advisor to Seven Seas to raise $25 million and negotiate the terms of the agreement.").

16 *See* Exhibit M to Defendant's Motion (minutes of Seven Seas' staff meetings between October 30, 2000, and March 5, 2001); *id*. at 9 (minutes of November 13, 2000 reflect discussion of engagement agreement); *id*. at 11 (minutes of November 28, 2000, state that CIBC financing is "[i]n hands of [Ray]. [Ray] to discuss engagement with G. Fuller and R. Devening later today. If directors agree, [Ray] will meet with CIBC to sign engagement letter.").

that the Agreement was void *ab initio*.[17]

**B. Enforceability of the Waiver**

Because Seven Seas has not shown that the Agreement was void, the Court turns to the enforceability of the waiver. Jury waivers are enforceable in federal court, particularly in contracts between sophisticated commercial parties, when the waiver is made knowingly, intentionally, and voluntarily.[18] When deciding whether the

---

17 Given this ruling, the Court does not reach CIBC's arguments that Seven Seas ratified the Agreement by invoking it in its pleadings and prior briefs. The ratification doctrine generally applies to voidable contracts. In any event, under New York law, "[a] party may ratify a contract or release entered into under duress by intentionally accepting benefits under the contract, by remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it, or by acting upon it, performing under it, or affirmatively acknowledging it." *U.S. v. Twenty Miljam-350 IED Jammers*, ___ F.3d. ____, 2011 WL 6415176 (2d Cir. Dec. 22, 2011) (quoting *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 123 (2d Cir. 2001) (emphases deleted)); *see In re Barbieri*, 380 B.R. 284, 2954 (Bankr. E.D.N.Y. 2007) (under New York law, "even if an agent acts outside the scope of his or her authority, an agent's actions can be ratified by the principal where the principal has full knowledge of the material facts relating to the transaction and then fails to timely repudiate the unauthorized acts of the agent") (internal quotation marks omitted) (citing *Chemical Bank v. Affiliated FM Ins. Co.*, 169 F.3d 121, 128 (2d Cir.1999); *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, 509 F. Supp. 2d 334, 347 (S.D.N.Y.2007)). The record contains strong support for CIBC's argument that Seven Seas ratified the Agreement. *See, e.g.*, Second Amended Complaint [Doc. # 41] (referring to Agreement as setting forth terms of engagement and attaching Agreement); Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. # 46] (filed Nov. 10, 2009), at 7-8 (citing Agreement in support of breach of fiduciary duty claims).

18 *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt. Inc.*, 2006 WL 3741903 (S.D. Tex. Dec. 15, 2006) (Rosenthal, J.).

waiver was knowing, voluntary, and intelligent, federal courts consider (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicious.[19]

CIBC argues that all of the factors in this case support the enforceability of the waiver because both parties are corporations, Seven Seas had sophisticated management and legal counsel, the parties negotiated the Agreement over six months, and the Agreement's jury waiver was not inconspicuous.[20] Seven Seas does not specifically argue any of the four factors, but argues instead that the four-part test for enforceability is misplaced because such a test assumes an agreement between two principals acting in their own interests, whereas in this case Seven Seas' agents actually were conspiring with CIBC to commit wrongful acts against Seven Seas.[21] For the reasons stated above, Seven Seas' argument fails. The Agreement was negotiated by Ray, as authorized by Seven Seas' full board of directors, and Seven

---

[19] *Whitney*, 2006 WL 3741903, at *3 (citing *RDO Financial Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813-14 (N.D. Tex. 2002) (Lynn, J.)).

[20] Defendant's Motion, at 9-18.

[21] Plaintiff's Motion, at 31-33.

Seas has not alleged or presented evidence that Ray conspired against Seven Seas. The Court holds that all four factors weigh in favor of enforceability in this case, and therefore that the jury waiver in the Agreement is enforceable. CIBC is entitled to its bargained-for agreement.[22]

## C. Conspiracy and Aiding and Abetting Claims

Seven Seas argues, alternatively, that the Agreement's jury waiver provision does not encompass Seven Seas' conspiracy and aiding and abetting claims.[23] Seven Seas alleges that certain services provided by CIBC (in particular, services related to the American Stock Exchange and a "Distressed Company" exemption, the "Sniper Report," and the fairness opinion) were not contemplated by the parties at the time they entered the Agreement and therefore are not governed by the Agreement. The plain language of the Agreement defeats Seven Seas' argument. Seven Seas' conspiracy and aiding and abetting claims are premised on alleged actions by CIBC

---

22 Seven Seas has not argued that the Agreement's jury waiver provision itself was procured by fraud. Even when a party brings a claim for fraudulent inducement to a contract—a claim Seven Seas has not brought in this suit—a contractual jury waiver is valid where it is not alleged that the waiver provision itself was procured by fraud. *See Merrill Lynch*, 500 F.3d at 188 ("We join the Tenth Circuit in holding that unless a party alleges that its agreement to waive its right to a jury trial was itself induced by fraud, the party's contractual waiver is enforceable vis-à-vis an allegation of fraudulent inducement relating to the contract as a whole.") (citing *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837–38 (10th Cir.1988)).

23 Plaintiff's Motion, at 28-31. Seven Seas concedes that "the majority of Plaintiff's claim arguably do fall within the scope" of the Agreement's jury waiver. *Id.* at 28.

that clearly relate to the secured financing contemplated by the Agreement and, as stated above, the waiver is broadly worded to apply to any right to a jury trial regarding "any claim" in connection with the Agreement.[24] Courts construing New York law have held that such broad waivers encompass tort claims that are related to contract claims.[25]

### D. Court's Discretion

Finally, Seven Seas argues that the Court has the discretion to set aside the Agreement's jury waiver because enforcement would be unconscionable or against public policy.[26] The Court does not find enforcement of the jury waiver to be unconscionable or contrary to public policy. The Court declines to set aside the

---

24 Agreement, at 5.

25 *See Am. Equities Group, Inc. v. Ahava Dairy Products Corp.*, 2007 WL 4563487, at *5 (S.D.N.Y. Dec. 18, 2007) (Sweet, J.) ("jury trial waivers in a contract are to be construed broadly to encompass both contract claims and related tort claims where the 'causes of action would not exist were it not for the relationship between [the parties]') (quoting *In Re Actrade Fin. Tech.*, 2007 WL 1791687 (Bankr. S.D.N.Y. June 20, 2007)); *Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 2007 WL 3286645, at *5 (S.D.N.Y. Nov. 7, 2007) (Haight, J.) ("Presumably, when the parties entered into this elaborate package of related agreements everyone expected, or at least hoped, that affairs would progress in mutual amity and result in mutual profit. But Bear Stearns preferred that if disputes arose resulting in litigation, any trial would be conducted by a judge and not a jury. Bear Stearns bargained for and obtained from Interface what Bear Stearns evidently regarded as a benefit. Nothing in this record justifies depriving Bear Stearns of that benefit.").

26 Plaintiff's Motion, at 33 (citing *Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F. Supp. 1379 (D. Nev. 1994), *aff'd* 89 F.3d 846 (9th Cir. 1996)).

waiver.

For all of the foregoing reasons, CIBC's Motion to Strike Plaintiff's Jury Demand is **granted**.

## II. <u>Plaintiff's Motion to Empanel an Advisory Jury Pursuant to Fed.R. Civ. P. 39(c)</u>

Plaintiff alternatively suggests that, if the Court grants CIBC's motion to strike Seven Seas' jury demand, the Court should empanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).[27] Rule 39(c) provides:

> **Advisory Jury; Jury Trial by Consent**. In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury; or (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.[28]

Because CIBC does not consent to an advisory jury, only the first prong of Rule 39(c) is relevant.

Rule 39(c)(1) grants a court discretion to empanel an advisory jury for an action

---

[27] *See* Plaintiff's Motion, at 34-35. Seven Seas' Motion also requested that the Court deny CIBC's Motion to Strike the Jury Demand at this time, or delay decision and (pending final determination) empanel a non-advisory jury to decide (1) the enforceability of the Agreement (2) whether Plaintiff's claims fall within the scope of the waiver, and/or (3) whether the waiver was knowing, voluntary and intelligent. These requests are denied pursuant to the Court's rulings in the first section of this opinion.

[28] FED. R. CIV. P. 39(c).

"not triable of right by a jury." CIBC argues that Rule 39(c)(1) does not apply to Seven Seas' claims, and that this Court lacks discretion to use an advisory jury, because Seven Seas' claims would have been triable by a jury but for the waiver in the Agreement. Judicial authority is scarce, and divided, on the issue of whether a contractual jury waiver precludes the Court's use of an advisory jury.[29]

The Court declines to decide whether an advisory jury is permissible when the

---

[29] *See* 9 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE §2335 (3d ed. 2011) ("It has been held that the use of an advisory jury is limited to cases that are not triable to a jury as of right, and that if the parties have waived their right to a jury trial, the district court lacks authority to use an advisory jury. Simply as an exercise in construing the language of Rule 39(c), this interpretation may be correct, although it is not the only possible construction. But the result is undesirable. Since the use of an advisory jury is of no binding legal significance, and the responsibility for the decision remains with the judge, he or she should be allowed whatever help in reaching the decision he or she thinks desirable. Other cases have agreed, holding that an advisory jury can be used when a right to a jury trial has been waived.") (footnotes omitted) (citing, *inter alia*, *Hargrove v. Am. Cent. Ins. Co*., 125 F.2d 225, 228-29 (10th Cir. 1942) (courts lack authority to call an advisory jury by their own initiative, in the absence of a motion, when the parties waived their right to a jury trial); *(Am.) Lumbermens Mut. Casualty Co. of Illinois v. Timms & Howard, Inc.*, 108 F.2d 497, 500 (2d Cir. 1939) (although parties waived their right to jury trial by failing to claim it, there "seems no reason why the parties, with the approval of the judge, should not agree that an advisory verdict be taken as in equity and with the same weight as such a verdict had in equity")); *Wachovia Bank, Nat. Ass'n v. Preston Lake Homes, LLC,* 750 F. Supp. 2d 682, 693 n.10 (W.D. Va. 2010) (Wilson, J.) (holding that Wachovia is entitled to seek to enforce a contractual jury waiver, and stating in *dicta* that "despite the parties' [contractual] waiver of the right to a jury trial, the court notes it reserves the ability to try the issues in this case before an advisory jury pursuant to Rule 39(c)(1) of the Federal Rules of Civil Procedure."). The Court has not found authority addressing the precise factual setting of this case, *i.e.*, a situation in which, despite the applicability of an enforceable contractual jury waiver, one party makes an opposed request for an advisory jury to be empaneled.

parties have agreed to a contractual jury waiver. Even if an advisory jury is permissible, this Court exercises its discretion to deny the request in this case. The Court is unpersuaded that an advisory jury's assistance would be helpful in deciding this case's complex commercial factual issues. Moreover, empaneling an advisory jury would impose additional expense and delay on the trial, and would substantially increase the burdens on the parties and the court system.

In sum, the Court finds no persuasive reason not to enforce Seven Seas' negotiated agreement to waive its right to a trial by jury. Plaintiff's Motion for an advisory jury is **denied**.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Enforce the Parties' Contractual Waiver of Trial by Jury and to Strike Plaintiff's Jury Demand [Doc. # 108] is **GRANTED**. It is further

**ORDERED** that Plaintiff Seven Seas' Motion to Empanel an Advisory Jury Panel Pursuant to Fed. R. Civ. P. 39(c) [Doc. # 111] is **DENIED**.

SIGNED at Houston, Texas, this **20th** day of **January, 2012**.

Nancy F. Atlas
United States District Judge